UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

TRENTON DIVISION

| | | |
|---|---|---|
| DAVID MOLESKI | § | |
| Petitioner/Defendant | § | |
| V. | § | No. 3112-CR-00811-FLW-1 |
| UNITED STATES OF AMERICA | § | |
| Respondent/Plaintiff | § | Verified |
| | § | |

RECEIVED
AUG 20 2013
AT 8:30_____M
WILLIAM T. WALSH
CLERK

## MOTION TO DISMISS INDICTMENT AND CHARGES FOR LACK OF SUBJECT MATTER JURISDICTION

Comes now Petitioner, incorporating Petitioner's prior filings in this court, by reference, as if fully set forth herein, and hereby moves the court to dismiss this case for lack of **subject matter jurisdiction** as proven herein by verified pleading and **affidavit.**

*U.S. v. Kis*, 658 F.2d 526 (7th Cir. 1981): "Indeed no more than that [Affidavits] is necessary to make the prima facie case." *Id.* at 536. "Moreover the threshold of relevance is a low one." *Id.* at 537. "The burden is therefore on the Respondent who must come forward with special facts to support a legally sufficient rebuttal or defense." *Id.* at 538-39.

Since the court lacks subject matter jurisdiction over the case, as proven herein, Petitioner moves that the complaint, any indictment, and all actions of the court, and all proceedings, be dismissed with prejudice.

### A. Settled Issues in This Case

The following issues are settled in this case:

Petitioner was charged with violations of federal law pursuant to 18 USC section 3231 on December 13, 2012 by indictment.

Petitioner testified before the Grand Jury, and instructed the Grand Jury that Petitioner, after receiving information on their reliability, relied on HJR Bonds, a state of Washington company, for Petitioner's information and actions.

The Prosecutor did not disclose to the Grand Jury material information that the principles of HJR Bonds were both indicted, charged, and convicted of federal crimes based on information available to the Prosecutor.

A Superseding Grand Jury was convened on or about January 31, 2013. However, even though Petitioner had material exculpatory information to provide to the Superseding Grand Jury, Petitioner was not invited to go back before the Superseding Grand Jury. The Prosecutor once again did not disclose material information regarding the actions of HJR Bonds to the Superseding Grand Jury.

18 USC section 3231(Part of Public Law 80-772) is the only authority the lower (inferior) courts have to exercise jurisdiction over a criminal case. Without authority pursuant to 18 USC section 3231, the district court has no authority to hear or prosecute a case.

18 USC section 3231 is part of the In Toto Doctrine; if Public Law 80-772 is invalid, 18 USC section 3231 is likewise invalid.

The Supreme Court is the only court authorized by the Constitution. Inferior courts can be authorized by Congress. See Article 2, Section 2 of the Constitution.

Under the Rule of Stare Decisis, the Constitution is the lead authority of law in the United States, followed then by the Supreme Court. The Supreme Court, then followed by the courts of appeals, have the right to interpret what the Constitution means. See Article III, Section 1 of the Constitution.

The inferior courts are only authorized to act according to the Constitution, the Supreme Court precedent, and the laws enacted by Congress.

A lower (inferior) court has no authority to overturn precedent by the Constitution, as interpreted by the circuit courts, and the Supreme Court.

The court cannot take jurisdiction pursuant to the prior statute in 1940, 18 USC section 546, since that statute was repealed in 1948.

The court cannot take jurisdiction pursuant to the 1909 statute, since that would be in violation of the Fair Warning Doctrine.

Therefore, the case against Petitioner must be dismissed with prejudice.

**B. The Law of This Case, for Which Petitioner Requests Mandatory Judicial Notice Pursuant to F.R.E. 201(b)**

As the Supreme Court has expressly stated, "**it is this Court's prerogative alone to overrule its own precedent.**" *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997). Thus, the Supreme Court stands and all inferior court rulings are ***void, ab initio*** if they conflict with the Supreme Court precedent.

***United States v. Ballin, Joseph & Co.,*** 144 U.S. 1, 3 (1892)(In order for any bill to be Valid, the journals of both Houses must show that it was passed in the presence of a Quorum).

Article 1, Section 5 Clause 1 of the Constitution: "Each House shall be the Judge of the Elections, Returns and Qualifications of its own Members, and a Majority of each shall constitute a Quorum to do Business; but a smaller Number may adjourn from day to day, and may be authorized to compel the Attendance of absent Members, in such Manner, and under such Penalties as each House may provide."

*Carol Ann Bond v. United States, 09-1227, 6/16/11 (*Any statute repugnant to the Constitution is ***void ab initio***).

Article III subject matter jurisdiction questions can be raised at any time and addressed by federal courts at any time on their own motion. *McGrath v. Kristensen*, 340 U.S. 162, 95 L.Ed. 73, 71 S.Ct. 224 (1950).

Lack of Article III jurisdiction cannot be waived and cannot be conferred upon a federal district court by consent, by action, or by stipulation. *California v. LaRue*, 400 U.S. 109, 112, 34 L.Ed. 342, 93 S.Ct. 390 (1972).

The validity of an order on sentencing of a federal district court depends upon that court having jurisdiction over both the subject matter and the defendant. *Stoll v. Gottlieb*, 305 U.S. 171-172, 83 L.Ed 104, 59 S.Ct. 134 (1938).

Unless the power or authority of the court to perform a contemplated act can be found in the constitution or laws enacted therein, it is **without jurisdiction** and its **acts are invalid** (emphasis added). *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947);

*LeMieux Bros. Inc. v. Tremont Lumber Co., Ltd.*, 140 F.2d 387, 389 (5th Cir. 1944); *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985)(quoting *United States v. Payner*, 447 U.S. 727, 65 L.Ed. 2d 468, 100 S.Ct. 2439 (1890))("[e]ven a sensible and efficient use of the supervisory power [of the court] however, is invalid if it conflicts with constitutional or statutory provisions. A contrary result would confer on the judiciary power to disregard the considered limitations of the law it is charged with enforcing.").

When issues arise as to jurisdiction or venue, discovery under the federal rules of civil procedure (rules 26-27) is available to ascertain the facts bearing on such issues. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-351, 57 L.Ed.2d. 253, 98 S.Ct. 2380 (1978).

The United States Attorney is **the representative not of an ordinary party to a controversy**, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor--indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one. *Berger v. United States*, 295 U.S. 78, 88 (1935), overruled on other grounds, *Stirone v. United States*, 361 U.S. 212 (1960).

*Clinton v. City of New York*, 542 U.S. 417 (1998) and *United States v. Munoz-Flores*, 495 U.S. 385 (1990) distinguished or overruled *Marshall Field & Co. v. Clark*, 153 U.S. 649 (1892)

(the enrolled bill rule) when the Supreme Court declared that the enrolled bill rule **only applies to non-constitutional violations**.

Since the lower courts cannot overturn the Constitution and the Supreme Court, the case must be dismissed with prejudice.

### C. The Facts Related to Jurisdiction, Which are Judicially Noticed Pursuant to FRE 201

18 USC section 3231, a part of Public Law 80-772, was never passed into law as required by the Constitution. See 93 Cong. Record 9049, judicially noticed herein. On May 12, 1947, a voice vote of 38 to 6 was held. 218 members of the House were required to be entered to show that a quorum was present. The quorum failed.

18 USC section 4001(a) forbids anyone to imprison a citizen except for an [valid] act of Congress: "No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress." Petitioner takes mandatory judicial notice of the statute.

The Court, Department of Justice, and the BOP, have no authority to hold or imprison anyone pursuant to 18 U.S.C. sections 4081, et seq., (1948). ["The Federal penal and correctional institutions shall be so planned and limited in size as to facilitate the development of an integrated system which will assure the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions."] on the claim that Public Law 80-772 was never passed or signed in the presence of a Quorum or

Majority of both Houses of Congress as required by Article I, Section 5, Clause 1 of the Constitution. Petitioner takes mandatory judicial notice of 18 USC sections 4081, et seq.

Some inferior courts have relied on *Field v. Clark*, 143 U.S. 649, 1892) to avoid **ruling on the merits** of these claims, and there have been some inferior courts which have stated that they were not bound by the *Field* case, but those cases did not involve any Quorum Clause challenge. The Office of Legal Counsel, the National Archives and the Clerk of the House of Representatives have confirmed that there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See 93 Cong. Rec. 9049) and the record is not clear as to whether there was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress. Petitioner takes mandatory judicial notice of the records of Congress on May 19, 1947

Only one Supreme Court case covers the quorum issue. *United States v. Ballin, Joseph & Co.*, 144 U.S. 1, 3 (1892)(In order for a bill to be valid, the journals of both Houses must show that it was passed in the presence of a quorum). Petitioner takes mandatory judicial notice of *Ballin*.

The clerk of the House states that the May 12, 1947 vote by the House was a voice vote. The Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it is unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum.

On May 12, 1947, a presence of 218 members in the Hall of the House was **required** to be entered on the journal in order for the 38 to 6 voice vote to be legal. 93 Cong. Rec. 9049. Petitioner takes mandatory judicial notice of 93 Cong. Rec. 9049.

The 1909 version of the Federal Criminal Code has never been repealed. However, the 1909 statute cannot be used because of the Fair Warning Doctrine. Petitioner takes mandatory judicial notice of the Fair Warning Doctrine.

***"And by definition, an unconstitutional statute is one that fails to give fair notice that particular conduct is proscribed by the state."*** See *United States v. Harris*, 1954, 347 U.S. 612, 617, 98 L.Ed. 989, 74 S.Ct. 808; *Connally v. General Construction Co.*, 1926, 269 U.S. 385, 391, 70 L.Ed. 322, 46 S.Ct. 126.

Petitioner has been arrested and charged, in violations of the prohibition against peonage and slavery per the Constitution of the United States. 18 USC Chapter 77.

### D. Conclusion

The lower courts are forbidden to overturn the Constitution or Supreme Court precedent.

No quorum was present on May 12, 1947 in the House, and Public Law 80-772, and thus 18 USC section 3231 is unconstitutional and ***void ab initio***.

Petitioner had no mens rea in this case and therefore is actually innocent.

Petitioner had no willful blindness in this case and therefore is actually innocent.

The Prosecutor committed prosecutorial misconduct before the grand jury and therefor the indictment and superseding indictment must be dismissed.

Without any valid statute giving the court authority over this case, the court must follow the Constitution and the Supreme Court, and dismiss the case with prejudice, and declare Petitioner actually innocent as a matter of law.

### E. Prayer for Relief

Wherefore, premises considered, Petitioner moves the court to:

Declare that *Ballin* controls this case for quorum issues;

Declare that no quorum existed on May 12, 1947 in the House of Representatives;

Declare that the lower (inferior) courts may not overturn the Supreme Court and should they attempt to, they are in violation of their directive from Congress;

Declare that the U.S. Attorney is an officer of the court and as such must uphold his oath to uphold the Constitution and laws of the United States;

Declare that a district court judge has taken an oath of office to uphold the Constitution and laws of the United States and is required to abide by that oath;

Declare Public Law 80-772 unconstitutional;

Declare that the case is dismissed for lack of subject matter jurisdiction;

Declare that Petitioner is declared actually innocent as a matter of law and is freed from any confinements.

Declare such other and further relief as the court deems just and proper.

### Q. Jurat

1. Under penalty of perjury, pursuant to 28 USC section 1746, I declare that I have reviewed the motion presented herein, and that all facts are true and correct.

Dated: 8-19-13

David Moleski

## CERTIFICATE OF SERVICE

On this the __19th__ day of __August__, 2013, a true and correct copy was served on Clerk of US District Court and US Attorney Tino Lisella, by first class mail, postage prepaid.

David Moleski






