RECEIVED
SEP 09 2013
AT 8:30
WILLIAM T. WALSH
CLERK

U.S. DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>       Plaintiff/Petitioner      )<br>                                    )<br>v.                                      )<br>                                    )<br>DAVID MOLESKI             )<br>                                    )<br>      Defendant/Petitioner     ) | No. 3:12-cr-00811-FLW-1 |

## RENEWED MOTION TO DISMISS BASED ON GRAND JURY MISCONDUCT AND HOPSON'S CHOICE

      Comes now Petitioner/Defendant and moves the court for a renewed dismissal of the indictment and superseding indictment with prejudice based on Grand Jury Misconduct and offers a **Hobson's Choice** to the Court.  The **Hopson's Choice** offers alternatives to the court for ruling on the merits of the case. The first **Hobsons choice** is that the court can dismiss the indictment and superseding indictment with prejudice based on lack of Due process and lack of jurisdiction.  The second **Hobsons's choice** is that the court can dismiss the case based on prosecutorial misconduct before the Grand Jury as presented herein. The third **Hobson's choice** is that the court can dismiss the case based on judicial bias, based on refusal of the court to properly rule on its own jurisdiction, failure to follow the Rule of Stare Decisis, and failure to follow Supreme Court precedent, failure to follow the Constitution, as interpreted by the Supreme Court and the Appellate Courts, and the creation of structural error. Petitioner incorporates Petitioner's prior filings, by reference, as if fully set forth herein.

    A.  **Established Facts of the Case**

    Petitioner testified before a Grand Jury Proceeding on December 13, 2013 to provide

Exculpatory evidence and provided the Grand Jury with testimony that Petitioner relied on a company in Washington state, HJR Bonds, based on information provided from the company to Petitioner and based on testimonials confirming their authenticity by other people.

The Prosecutor acted as a fact witness before the Grand Jury.

The prosecutor intentionally concealed material evidence from the Grand Jury.

Despite the exculpatory evidence available for the Grand Jury to review, Petitioner was indicted.

The U.S. Attorney failed to obtain an order from the Attorney General of the United States that the indictment was to be authorized by the Department of Justice.

The U.S. Attorney failed to provide his State Bar Number on the indictment, voiding the indictment and all proceedings forward.

**The indictment is illegal because the indictment has no signature line for the Grand Jury foreman and no signature of the Grand Jury foreman exists. The indictment is a fraud. All proceedings after this proceeding are invalid.**

Petitioner subsequently discovered that the 2 principals for HJR Bonds had been indicted and convicted of federal crimes and that the US Attorney refused to disclose that information to the Grand Jury, having knowledge of that information at the time of the Grand Jury proceeding and having knowledge that it was exculpatory evidence.

The US Attorney then again violated the Separation of Powers Doctrine by holding a Superseding Indictment proceeding on January 31, 2013, to cover up the fraudulent original indictment without presenting the evidence of HJR Bonds to the Grand Jury and without inviting Petitioner, who had exculpatory evidence to present to the Grand Jury, to testify, even though Petitioner was invited to testify before the first grand jury.

Petitioner received no financial benefits from Petitioner's actions.

Petitioner had no mens rea in the alleged actions of the government.

Petitioner had no willful blindness in his actions.

Petitioner never intended to harm anyone and never intended to commit a crime.

No record exists that the Grand Jury had a quorum when it voted on the indictment.

No record exists that the indictment was presented in "Open Court".

The US Attorney held all the Grand Jury records and logs, in violation of the Separation of Powers Doctrine.

Petitioner filed a complaint against the Prosecutor under the Citizens Protection Act of 1998, H.R. 3396, 105th Congress, to the Attorney General, which was supposed to be forwarded immediately to the OPR, has received no response, and yet the **Prosecutor was required to resign immediately** due to conflict of interest once the complaint was filed.

B.  Law Related to the Prosecutor's Actions

It is the responsibility of the United States Attorney and his senior staff to create a culture where 'win-at-any-cost' prosecution is not permitted. Indeed, such a culture must be mandated from the highest levels of the United States Department of Justice and the United States Attorney General. It is equally important that the courts of the United States must let it be known that, when substantial abuses occur, sanctions will be imposed to make the risk of non-compliance too costly. *United States v. Shaygan*, 661 F.Supp.2d 1289, 1298 (S.D.Fla. 2009).

"The court finds the government's explanation wholly incredible." *United States v. Stevens*, 593 F.Supp. 2d 177, 181 (D.D.Ct. 2009).

The Federal Rule before section 530B has been that a federal prosecutor need not present exculpatory evidence to the grand jury. *United States v. Williams*, 504 U.S. 36,

52 (1992)("Imposing upon the prosecutor a legal obligation to present exculpatory evidence in his possession would be incompatible with this [grand jury] system."). Yet, despite the *Williams* rule, the United States Attorneys Manual states that when an AUSA "is personally aware of substantial evidence that directly negates the guilt of a subject of the investigation, the prosecutor must present or otherwise disclose such evidence to the grand jury before seeking an indictment against such a person." U.S.A.M. section 9-11.233 (2008).

Since enactment of section 530B, a district court has held that any state ethical standards requiring the presentation of exculpatory evidence would not "override the law governing the presentation of [exculpatory] evidence at grand jury proceedings." *United States v. Syling*, 553 F.Supp.2d 1187, 1198 (D. Haw. 2008).

A good summary of prohibited acts can be found in *United States v. Samango*, 607 F.2d 877 (9th Cir. 1979). The Ninth Circuit conceded that an attack against an indictment based on incompetent or inadequate evidence was not possible. The Court observed that dismissal of an indictment can be appropriate to protect the integrity of the judicial process, particularly the functions of the grand jury from unfair or improper prosecutorial conduct.

C. Lack of Jurisdiction

Petitioner has established as a matter of law that Public Law 80-772 was never enacted since no quorum existed on May 12, 1947 when the Congress allegedly passed the bill by a 38 to 6 vote. Since 435 members were in Congress at the time, a quorum would require a majority of votes.

The only quorum ruling in the Supreme Court is *United States v. Ballin*, 144 U.S. 1 (1892), which controls this case.

The United States cannot take control under the 1940 statute (18 USC section 540) since that statute was repealed in 1948.

4

The United States cannot take control under the 1909 statute since that statute would be in violation of the Fair Warning Doctrine.

D. Conclusion

The Grand Jury process was tainted, requiring dismissal of the indictment and superseding indictment with prejudice. No signature even exists on the original indictment of the Grand Jury Foreman. The court has no jurisdiction as established by Public Law 80-772. The court is committing structural error by failing to follow the Constitution of the United States and its precedents. Petitioner has suffered irreparable harm at the hands of the government for their illegal actions.

E. Prayer for Relief

Petitioner now moves the court to declare:

Petitioner is actually innocent as a matter of law.

The indictment and superceding indictment are dismissed with prejudice.

The original indictment is a fraud and requires dismissal of the case.

And for such other and further relief as the court deems just and proper.

Respectfully submitted,

David Moleski

**CERTIFICATE OF SERVICE**

On this day 6 74 September, 2013, a true and correct copy of the foregoing was served on opposing counsel and US District Court Clerk by first class mail, postage prepaid.

David Moleski

EXPRESS MAIL
UNITED STATES POSTAL SERVICE

Flat Rate Envelope
Visit us at usps.com

EXTREMELY URGENT
Please Rush To Addressee

EMS
PS10001000006

Addressee Copy
Label 11-B, March 2004

EXPRESS MAIL
UNITED STATES POSTAL SERVICE ®
Post Office To Addressee

PLEASE NOTE:
When used internationally affix customs declarations (PS Form 2976, or 2976-A)

Tracking: EI622142639US

**DELIVERY (POSTAL USE ONLY)**
Delivery Date: ☒ AM ☐ PM
Time: 1700

**CUSTOMER USE ONLY**

TO: (PLEASE PRINT) PHONE ( )
US District Ct. Clerk
402 E. State St. Rm 220
Trenton, N.J.
ZIP+4: 08608

FROM: (PLEASE PRINT) PHONE (954)76-5924
Dawn Molesci
1215 Murray Ave Apt K
Orchids Beach, Fl 33442

FOR PICKUP OR TRACKING
Visit www.usps.com
Call 1-800-222-1811

PRESS HARD, YOU ARE MAKING 3 COPIES.