*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Crim. No.: 12-811 (FLW) |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| DAVID MOLESKI, : | |
| Defendant. : | |

**WOLFSON, District Judge**:

*Pro se* defendant David Moleski[1] ("Defendant") was charged with various counts of mail, wire, and tax fraud relating to an alleged scheme to defraud the Internal Revenue Service ("IRS") and private creditors, by means of, *inter alia*, materially false and fraudulent representations on his tax forms and certain financial instruments. Specifically, Defendant was charged with 14 counts of mail fraud, in violation of 18 U.S.C. § 1341; one count of wire fraud, in violation of 18 U.S.C. § 1343; one count of corruptly endeavoring to obstruct and impede the Internal Revenue Laws, in violation of 26 U.S.C. § 7212(a); and three counts of submitting false claims for refund, in violation of 18 U.S.C. § 287. Before the Court are a multitude of pre-trial motions filed by both Defendant and the Government.[2] For the reasons set forth herein, Defendants' motions are **DENIED** in their

---

[1] The Court granted two previous requests by Defendant to relieve his CJA attorneys and therefore, he is currently proceeding *pro se*, with an appointed standby counsel. Defendant's motions that are the subject of this Opinion are filed by Defendant, without any assistance from counsel.

[2] The Government filed the following motions *in limine* to:(1) exclude tax defier arguments; (2) admit certain evidence pursuant to Rule 404(b); and (3) preclude lack of financial harm defense. Motions filed by Defendant are as follows: (1) motion to dismiss for lack of

entirety, and the Government's motions are **GRANTED**.

## BACKGROUND

Counts 1 through 15 charge the Defendant with mail and wire fraud. These counts are premised on a scheme by which Defendant allegedly attempted to fraudulently eliminate debts and filed false claims for tax refunds from about February 15, 2008 through about June 23, 2009. The Superseding Indictment (the "Indictment") alleges that Defendant mailed to the Department of Treasury fake financial instruments that purported to open accounts at the Treasury. Defendant then attempted to use those accounts to satisfy personal debts. Then, Defendant allegedly mailed to creditors fake financial instruments, entitled Secured Promissory Notes, that supposedly drew on the Treasury accounts in order to satisfy credit card debts and to satisfy tax judgments issued against him. The Government further accuses Defendant of mailing copies of the notes in question to the Treasury and instructed it to satisfy the debts held with the creditors. Additionally, Defendant allegedly mailed fraudulent correspondence to a credit reporting agency wherein he represented that the debts held with various creditors were paid in full.

In Counts 17 through 19, the Government accuses Defendant of fraudulently sending IRS false claims for tax refunds in an attempt to secure money from the United States. To this end, Defendant allegedly sent to private creditors false IRS forms which falsely claimed that Defendant received from them a certain type of income called "original issue discount" for tax years 2006 through 2008. Using those income figures reported on the IRS forms, Defendant then allegedly mailed to the IRS false tax returns for the tax years 2006 and 2007 which claimed large fraudulent

---

jurisdiction; (2) motion to dismiss indictment based on *Brady* violations; and (3) motion to dismiss based on grand jury misconduct.

refunds. In a similar fashion, Defendant also filed an allegedly false tax return for tax year 2008.

Count 16 of the Indictment charges Defendant with corruptly endeavoring to obstruct and impede the due administration of the federal tax laws. The Indictment alleges that Defendant, among other things, instructed a private creditor not to comply with a notice of levy issued to it by the IRS; filed the above-mentioned false and fraudulent tax returns for tax years 2006 through 2008; submitted to the IRS obstructive correspondence wherein Defendant refused to pay taxes due; and sent fraudulent correspondence to the IRS in order to extinguish tax debts against allegedly non-existent treasury accounts.

**DISCUSSION**

**I.     Government's Motions**

    **A.     Motion to Exclude Tax Defier Arguments**

According to the Government, while this case was still in the grand jury investigation stage, Defendant sent a letter to the grand jury foreperson which accused the Government of concealing evidence and demanded that the Court, Clerk of the Court, the Government and grand jurors produce their financial records to Defendant. Then, Defendant filed a series of motions which relate to Defendant's personal views on the tax laws of this country. More specifically, it is Defendant's position that the Government only has jurisdiction to prosecute crimes in which it has land ownership and that the Sixteenth Amendment – Congress' taxing power – is invalid. Based on these arguments, the Government anticipates that Defendant will seek to espouse his personal tax views before the jury at trial. In that connection, the Government requests to preclude Defendant from presenting to the jury (1) any evidence or arguments in support of Defendant's position that the federal tax laws, including the IRS code or portions thereof, are invalid or otherwise

3

unconstitutional; (2) evidence relating to alternate interpretations of the federal tax laws; (3) any challenges to this Court's jurisdiction or to the Court's authority to preside over this matter.

In response, Defendant cites a litany of Supreme Court cases claiming that he has a constitutional right to rely on those cases. However, it is difficult to determine the relevance of those cases to Defendant's position. Suffice to say, it appears that Defendant argues that he has an unfettered right to present any Supreme Court precedent he wishes before the jury, and that the Government's request to restrain him from doing so violates the constitution. Because the Court finds that Defendant's position on these various issues would confuse the jury, and more importantly, invade this Court's province in instructing the jury on the law, the Government's requests are granted.

To begin, Federal Rule of Evidence 402 sets forth the backdrop for the admissibility standard for "all relevant evidence," defined in Rule 401 as "evidence having any tendency" to make "more probable or less probable" the existence "of any fact that is of consequence to the determination of the action." *Elcock v. Kmart Corp.*, 233 F.3d 734, 756 n. 13 (3d Cir. 2000); *see* Fed. R. Evid. 402, 401. Moreover, Rule 403 affords the district court the discretion to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

It appears that Defendant contends that federal tax laws are unconstitutional and thus, invalid However, courts have routinely excluded evidence and arguments similar to those advanced by Defendant in this case because they are not legally sound. With regard to Defendant's assertion that the United States only has jurisdiction to prosecute crimes in which it has land ownership, that frivolous argument has been squarely rejected by many courts, and it needs no further explanation

4

from this Court. *See United States v. Cooper*, 170 F.3d 691 (7th Cir. 1999); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994)(rejecting defendant's frivolous argument that "the District Court lacked jurisdiction over him because he is solely a resident of the State of Michigan and not a resident of any 'federal zone'"); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990)(same). Accordingly, to the extent Defendant seeks to introduce this argument at trial before the jury, he is precluded from doing so.

To the extent that Defendant seeks to introduce any arguments or "evidence" that the federal tax laws are unconstitutional or that the Sixteenth Amendment does not provide Congress the power to levy tax, those arguments are also precluded from being introduced at trial. Indeed, these identical contentions have been routinely rejected by courts. *See United States v. Indianapolis Baptists Temple*, 224 F.3d 627, 629 (7th Cir. 2000)(found unpersuasive that federal income tax laws violate the Free Exercise Clause of the First Amendment); *United States v. Mostler,* 411 Fed. Appx. 521, 524 (3d Cir. 2011)("the defense that the tax statutes are unconstitutional . . . [has been] explicitly foreclosed by the Supreme Court."); *Knoblauch v. C.I.R.*, 749 F.2d 200, 202 (5th Cir. 1984)(rejecting the notion that federal income tax is unconstitutional because the Sixteenth Amendment was never properly ratified); *Porth v. Brodrick*, 214 F.2d 925, 926 (10th Cir. 1954)(rejecting the argument that income tax constitutes involuntary servitude in violation of the Thirteenth Amendment). Moreover, the Supreme Court has long held that a defendant's views regarding the validity of the federal tax laws are not relevant on the issue of *mens rea* because a mere disagreement with the tax laws is no defense to the charged crime. *Cheek v. United States*, 298 U.S. 192, 206 (1991). Accordingly, Defendant is precluded from introducing any evidence relating to his broad assertions that federal tax laws are unconstitutional and/or that the Sixteenth Amendment is invalid.

Next, the Government requests that the Court preclude Defendant from presenting any evidence of his alternative interpretations of the federal tax laws, to the extent that such evidence was not actually relied upon by him or such evidence would undermine the authority of this Court. While Defendant is generally permitted to introduce evidence to negate willfulness, at this time, it is difficult to determine from Defendant's response to the Government's *in limine* motion what, if any, evidence Defendant would produce in connection with alternative interpretations of the tax laws. Therefore, if Defendant decides to proffer evidence on this issue, the Court would first make a legal determination whether such evidence should be introduced.[3] With respect to the Government's final request on this motion, the Court will address Defendant's challenge to the jurisdiction of this Court later in this Opinion.

### B. Motion to Admit 404(b) Evidence

The Government seeks to introduce, pursuant to Fed. R. Evid. 404(b), the following evidence:

- Defendant's tax filing history

- Defendant's mailing of additional fake financial instruments

- Defendant's additional correspondence to the IRS

- Defendant's correspondence to IRS criminal investigators, the Department of Justice, and private creditors after learning of the criminal investigation

- Defendant's credit card applications

---

[3] In the event Defendant chooses to introduce legal materials – such as the testimony of experts, case law, statutes, regulations or horn books – relating to the issue of intent, Defendant must first lay a proper foundation that demonstrates that he "actually relied" upon the specific materials that are being offered. *See United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1991). In the absence of actual reliance, such materials have no probative value as they cannot negate the element of willfulness. *Id.*

6

- Defendant's present use of a nominee entity to divert income
- Defendant's use of a nominee to hide assets

As described above, the Government anticipates that one of Defendant's defenses is his lack of intent necessary for the crimes charged. In that connection, pursuant to Rule 404(b), the Government requests the introduction of the above-listed evidence to proof Defendant's state of mind.

Rule 404(b) does not allow evidence of other crimes or acts to be used "to prove the character of a person in order to show action in conformity therewith." Fed R. Evid. 404(b). Rather, such evidence may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." *Id.* The Third Circuit has recognized that Rule 404(b) is a "rule of inclusion rather than exclusion." *United States v. Cruz*, 326 F.3d 392, 395 (3d Cir. 2003) (*citing United States v. Jemal*, 26 F.3d 1267, 1272 (3d Cir. 1994)). In other words, a court may admit prior crimes or bad acts evidence "'if relevant for any other purpose than to show a mere propensity or disposition on the part of the defendant to commit the crime.'" *United States v. Johnson*, 199 F.3d 123, 128 (3d Cir. 1999) (*quoting United States v. Long*, 574 F.2d 761, 766 (3d Cir. 1978)).

To determine whether Rule 404(b) evidence should be admitted, the Third Circuit applies a four-part test: "(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402 (Rule 402 provides that all relevant evidence is admissible except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible); 3) its probative value must outweigh its potential for unfair

prejudicial effect under Rule 403; and (4) the Court must charge the jury to consider the evidence only for the limited purpose for which it is admitted." *United States v. Moore*, 375 F.3d 259, 263-64 (3d Cir. 2004) (*quoting United States v. Vega*, 285 F.3d 256, 261 (3d Cir. 2002)); *see also Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).

The fact that Rule 404(b) operates as a rule of inclusion as opposed to operating as a rule of exclusion does not open the flood gates to evidence that is relevant only to establish a defendant's bad character. *United States v. Morley*, 199 F.3d 129, 133 (3d Cir. 1999). Thus, "if the government offers prior offense evidence, it must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed drug offenses before, [she] therefore is more likely to have committed the current charge." *United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992). "The government must therefore proffer a logical chain of inference consistent with its theory of the case," *Id.* at 888, and when it does so, "the district court must put a chain of inferences into the record, none of which is the inference that the defendant has a propensity to commit this crime." *Id.* This is not a difficult burden to overcome when the evidence truly is relevant to a proper purpose.

In addition, evidence admitted under Rule 404(b), like all other evidence, must be relevant to some proper purpose. *Morley*, 199 F.3d at 133. "Evidence is admissible under Rule 404(b) only if it is relevant." *Id.* at 689. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence that is not relevant, by definition, cannot be offered for a proper purpose, and evidence that may be relevant for some purposes may be irrelevant for the purpose for which it is offered." *Morley*, 199 F.3d at 133. Moreover, "there is no alchemistic

8

formula by which "bad act" evidence that is not relevant for a proper purpose under Rule 404(b) is "transformed into admissible evidence." *Id.*

In that connection, "similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston*, 485 U.S. at 689. In *Huddleston*, the Supreme Court determined that "[s]uch questions of relevance conditioned on a fact are dealt with under Federal Rule of Evidence 104(b)." *Id.* Rule 104(b) provides that "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." Fed. R. Evid. 104(b). The Supreme Court instructed that

> [i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the [*15] jury could reasonably find the conditional fact . . . by a preponderance of the evidence.

Id. at 690.

Thus, prior bad act evidence may be admitted only "if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." Id. at 685. However, "[t]his reliability threshold is not a high one, and the testimony of a single witness can be sufficient." *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997). In other words, *Huddleston* advises that "it is not for this Court to weigh the credibility of the Government's Rule 404(b) witnesses or to determine whether the Government has established that the prior bad act occurred." *United States v. Snell*, 2008 U.S. Dist. LEXIS 77740, at *18-19 (E.D. Pa. Oct. 2, 2008). The Court simply "review[s] the evidence to determine whether the jury could reasonably find that Defendant

9

committed the prior bad act." *Id.* If the Government's witnesses or evidence are believed, the jury could certainly find that the prior bad act occurred and that the Defendant was the actor. *Id.* Defendant will have the opportunity to attack the Government's evidence during trial. It is for the jury to weigh the Government's 404(b) evidence.

Particularly in white collar crime prosecutions, where proving a defendant's intent is the main issue, evidence of uncharged acts that bear on the defendant's intent is generally admitted. For instance, " in cases involving violations of federal tax laws . . . a defendant's past taxpaying record is admissible to prove willfulness circumstantially." *United States v. Daraio*, 445 F.3d 253, 264-65 (3d Cir. 2006) (holding that evidence of defendant's prior tax non-compliance spanning nearly 14 years "admissible and relevant to prove willfulness" in tax evasion prosecution); *United States v. Andujar*, 209 Fed. Appx. 162, 170 (3d Cir. 2006) (holding that evidence of defendant's tax filing history outside the period of the indictment was properly admitted in order to establish intent in light of defendant's asserted defense that he lacked the necessary intent to commit the crime).

The first category of evidence that the Government seeks to introduce is Defendant's delinquent tax returns for tax years 1986 through 1994. In addition, the Government intends to introduce records showing that beginning in 1995 and through 2005, Defendant purportedly failed to file tax returns despite earning sufficient income to do so, and in addition, the Government seeks to present evidence to show that Defendant has not filed tax returns since 2008. The Court finds that this category of evidence to be admissible under 404(b) because Defendant's pattern of failure to file, or timely file, tax returns is probative of proving his intent to impede the IRS and evade the tax system. *Daraio*, 445 F.3d at 264-65. For example, the Government is permitted to use Defendant's alleged failure to file tax returns to demonstrate his alleged criminal intent and motive

for filing false tax returns only to carry out his illegal scheme, *see Andujar*, 209 Fed. Appx. at 170, and moreover, this evidence could be introduced to rebut Defendant's good faith defense. *See United States v. Lopez*, 340 F.3d 169, 174 (3d Cir. 2003). Indeed, the probative value of this evidence outweighs any potential for unfair prejudice, particularly since the Court can give a curative charge that instructs the jury to consider this evidence only for the limited purpose for which it is admitted.

Next, the Government seeks to introduce evidence which tends to show that in 2008, Defendant allegedly mailed two additional fake financial instruments to the Treasury purporting to open accounts, as well as an alleged false Secured Promissory Note to a private creditor. Importantly, Defendant was not charged in the Indictment for sending these alleged false documents. The Court, nonetheless, finds that this evidence is admissible because it is intrinsic to the offenses charged in this case; these documents are described in the Indictment as part of the scheme to defraud and were mailed within the time period of the charged crimes.

The Government also seeks to introduce various correspondence sent by Defendant from November 2004 through May 2009, to different departments of the IRS explaining Defendant's positions on the federal tax schemes. According to the Government, the IRS logged these letters as frivolous. In addition, the Government requests the Court to admit a multitude of letters sent to the IRS, Department of Justice and private creditors, by Defendants after he was indicted. The Government argues that these letters, collectively, are relevant for the purposes of undermining Defendant's asserted claim of good faith and demonstrating Defendant's intent. Indeed, pursuant to 404(b), the Court finds that these letters are probative of Defendant's intent and plan, as well as a showing of an absence of mistake with little potential for unfair prejudice. Accordingly, these

letters are admitted.

Finally, with regard to Defendant's alleged use of a nominee to hide particular assets from the IRS, the Court finds such evidence admissible to prove Defendant's corrupt scheme. In other words, insofar as this conduct, which occurred during the commission of the offense, was designed to impede the IRS from its lawful function of collecting on delinquent taxes, it is intrinsic to the crime charged. Thus, it is admissible. Moreover, Defendant's continued use of a nominee entity to divert income is admissible under Rule 404(b) because it is probative of Defendant's intent to subvert the tax system by allegedly diverting income to a nominee entity.

Based on the foregoing, the Government's motion to admit certain evidence pursuant to Rule 404(b) is granted.

### C. Motion to Preclude Lack of Financial Harm Defense

On this motion, the Government requests the Court to preclude Defendant from presenting evidence or arguing that he is not guilty of the crimes charged because he did not receive a financial benefit from his alleged fraud. Based on Defendant's previous position on his innocence, the Government anticipates that Defendant will argue to the jury that he should be found not guilty because he did not receive a financial benefit from his criminal conduct.

Contrary to Defendant's response to this motion, none of the elements of the crimes charged require the Government to prove a tax loss or economic harm. Nor is Defendant's receipt of an economic benefit or cause of economic harm an element of any of the offenses charged in the Indictment. Indeed, the essential elements of a mail or wire fraud violation are: (1) a scheme to defraud; (2) money or property (as the object of the scheme); and (3) use of the mails or wires in furtherance of the scheme. *United States v. Dinome*, 86 F.3d 277, 283 (2d Cir. 1996). With respect

to the second element of these offenses, the government need not prove that the scheme successfully defrauded the intended victim; rather, the government must only show "that some actual harm or injury was contemplated by the schemer." *Id.* (internal quotes omitted) (emphasis in original). Likewise, the crime of submitting false, fictitious, or fraudulent claims in violation of 18 U.S.C. § 287, does not have an actual harm requirement. *See* 18 U.S.C. § 287. Neither does 26 U.S.C. § 7212(a) – corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws – require the government to prove an actual tax loss or other economic harm. *See* 26 U.S.C. § 7212(a).

In short, because none of the elements of the charged offenses require the Government to prove an economic harm, allowing Defendant to make these arguments would needlessly confuse and misled the jury on the proper elements at issue. Therefore, Defendant is precluded from making these arguments at trial.

## II.     Defendant's Motions

Before addressing Defendant's motions, the Court pauses to note that many of Defendant's motions are repetitive, unclear and disorganized. Therefore, it is difficult for this Court to decipher each of Defendant's arguments and positions from his papers. While the Court endeavors to address his arguments in full, it appears a majority of the arguments Defendant advances concern his disagreements with black letter law. Mere disagreement with the law is not a proper legal argument, and as such, the Court will not address those contentions made by Defendant based solely upon his belief of what the law ought to be.

### A.     Filing of "Offer of Proof"

Defendant filed an "Offer of Proof" as an "affidavit in commerce." While that procedural

mechanism is improper, in essence, Defendant seeks a dismissal of the Indictment based on structural errors and grand jury abuse. However, both arguments are without merit and thus, Defendant's request for dismissal is denied.

Structural errors exist in a very limited class of cases, which include: 1) a total deprivation of the right to counsel; (2) lack of an impartial trial judge; (3) unlawful exclusion of grand jurors' of the defendant's race; (4) the right to self-representation at trial; (5) the right to a public trial; and (6) an erroneous reasonable doubt instruction to the jury. *See Johnon v. United States*, 520 U.S. 461, 468 (1997). None of those circumstances are present here.

First, with respect to legal representation, the Court previously appointed Defendant with two experienced, capable attorneys whom Defendant rejected as his lawyers. After careful consideration, the Court permitted Defendant to proceed *pro se*, with an appointed standby counsel. Under these circumstances, Defendant has failed to raise any issue regarding a deprivation of the right to counsel since Defendant willingly chose to represent himself. And, because Defendant is representing himself at this time, he cannot claim that he has been deprived of his right to self-representation. Moreover, besides including a section on judicial bias in his motion, Defendant fails to explain how this Court is biased. As such, Defendant has not adequately establish this particular structural error. Lastly, Defendant does not make any race-based claims relating to the grand jury, does not assert that he was denied the right to public trial nor that the Court somehow gave an erroneous reasonable doubt instruction, particularly since the trial has not begun.

As to his argument that there were various grand jury abuses by the Government, that argument has no merit. It appears Defendant relies on Rule 6(e)(3)(E)(ii), which gives the courts the power to authorize disclosure of a grand jury matter "at the request of a defendant who shows that

a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." *See* Fed. R. Crim. P. 6(e)(3)(E)(ii). While Rule 6 permits disclosure, "[t]here is a presumption of regularity in grand jury proceedings." *U.S. v. Holzwanger*, No. 10-0714, 2011 U.S. Dist. LEXIS 47904, at * 10 (D.N.J. May 4, 2011) (citing *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 300-301 (1991)); *United States v. Educational Development Network Corp.*, 884 F.2d 737, 740 (3d Cir. 1989). Thus, "[f]or a party to obtain information about the conduct of grand jury proceedings, that party must offer evidence of a 'substantial likelihood of gross or prejudicial irregularities in the conduct of the grand jury." *United States v. Budzanoski*, 462 F.2d 443, 454 (3d Cir. 1972). In other words, a defendant seeking access to grand jury proceedings must show "a particularized need before the grand jury [proceedings] may be disclosed." *United States v. Jackson*, 363 Fed.Appx. 159, 162 (3d Cir. 2010).

Here, Defendant fails to show any particularized need for the disclosure of grand jury proceedings, let alone a dismissal based upon grand jury abuses by the Government. Defendant claims in a conclusory fashion that the Government withheld exculpatory evidence from the grand jury; the United States Attorney acted as a fact-witness in the case; coerced and intimidated fact witnesses before the grand jury; used fakes names for witnesses and failed to produce pocket commissions for inspection; and a quorum did not exist prior to a grand jury vote. None of these bases have merit since Defendant has failed to substantiate these purported allegations with any cogent evidence. Without any evidence – except his own "information and belief" – Plaintiff's request for dismissal based upon Rule 6 is denied.

In addition, Defendant, within his response papers, requests the Court to dismiss the Indictment because of discovery fraud. Specifically, Defendant accuses the Government of failing

to provide him with discovery in a readable format. According to the Government, on May 1, 2013, it provided Defendant a CD containing IRS records pertaining to assessments made by the IRS against Defendant for tax years 1999 through 2005. Defendant complains that the particular CD is not readable. Importantly, other CDs were sent by the Government during discovery and Defendant had represented that those CDs were readable. After learning that Defendant could not read the May 1st CD, the Government offered to send a replacement CD and/or send a complete set of discovery that was previously provided in several installments to Defendant's previous attorneys. Defendant responded to the Government's offer by replying in an email that he only needed the May 1st CD, "as the others are received and readable." Email from Defendant, May 8, 2013, 2:49 pm. On May 9, 2013, the Government sent a replacement CD to Defendant. At this time, the Court finds that the Government has adequately provided the May 1st CD to Defendant.[4] To the extent that there are issues outstanding concerning the format of the May 1st CD, Defendant may address that issue before the Court.

B.  **Motions to Dismiss for Lack of Subject Matter Jurisdiction**

In two of his motions, Defendant seeks a dismissal of the Indictment based on the erroneous assertion that the Court lacks subject matter jurisdiction. Defendant posits various unintelligible reasons; it appears that, essentially, Defendant claims that 18 U.S.C. § 3231 – which implements the authority of United State District Courts – was never passed into law. There is no need to elaborate on Defendant's far-fetched contention as the validity of § 3231 has been affirmed by every court that

---

[4] Defendant further requests this Court to order an "Open File Policy." That is, Defendant seeks to obtain all documents in the Government's possession relating to his case. However, a criminal defendant is not entitled to discovery of everything that a government investigation reveals. *See United States v. Arroyo-Angulo*, 580 F.2d 1137, 1144 (2d Cir. 1978). Defendant's request in this context is denied.

has discussed it. *See United States v. Penwell*, 455 Fed Appx. 181, 183-84 (3d Cir. 2011) (collecting cases). As such, there is no doubt that this Court has subject matter jurisdiction over the federal charges against Defendant.

C. **Motion to Dismiss for *Brady* Violations for Concealment of Postal Records**

Defendant accuses the Government – in a conclusory fashion – for knowingly and intentionally withholding postal records in violation of *Brady*. As support, Defendant cites an unrelated New York Times article which, according to Defendant, claims that the United States Postal Service was identified as a spy agency similar to the NSA. This article has no relevance to this case, and therefore, is not a proper basis for the relief Defendant seeks. More importantly, Defendant has not identified any particular postal documents that the Government has withheld improperly under *Brady*. Thus, there is no merit to Defendant's motion, and it is denied.

D. **Defendant's Objection Regarding Credit Card Exhibits**

Defendant broadly objects to the introduction of certain credit card exhibits the Government intends to introduce in its effort to prove that Defendant committed fraud relating to his credit card debts. However, Defendant does not specify to which exhibits he objects. Based on this failure alone, Defendant's request is denied. *See* Fed R. Evid. 103(a)(1)(objections must be timely and specific). Nevertheless, Defendant's reasons for his objections also have no merit. First, Defendant objects to these exhibits based upon the best evidence rule. The best evidence rule, found in Federal Rule of Evidence 1001-1002, requires that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required ...." Fed. R. Evid. 1002; *Acumed LLC v. Advanced Surgical Services*, 561 F.3d 199, 222 (3d Cir. 2009); *United States v. Miller*, 248 Fed. Appx. 426, 429 (3d Cir. 2007) ("[A] party [must] produce original documents if a

witness testifies to the actual content of a writing."). According to the Government, much of the evidence of the mail fraud comes from Defendant's own original submissions evidencing outstanding credit card debts. It does not appear at this time that the Government's evidence would run afoul of the best evidence rule. However, Defendant may make this objection at trial should the Government introduce any exhibits that may violate the rules of evidence.

Next, Defendant argues that the credit card companies have been paid. This argument is not a proper basis to exclude the Government's evidence. To the extent Defendant's payments to the credit card companies have any relevance to his defense at trial or are not otherwise objectionable, he may introduce them to the jury. Lastly, the Court summarily rejects Defendant's argument that the Government's evidence is tantamount to a constructive amendment of the Indictment. Because Defendant fails to specify any exhibits and how they constructively amend the Indictment, this objection has no merit. Accordingly, the Court rejects Defendant's objections in their entirety.[5]

Defendant's remaining motion – namely, renewed motion to dismiss based on grand jury misconduct – is identical to the previous motion that this Court has addressed, *supra*, and therefore, this motion is denied.

---

[5] Defendant also requests the Court to preclude the Government from using the terms "tax defier" or "tax protestor" at trial. The Government explains that it does not anticipate using these specific terminology at trial. As such, this request is denied as moot.

## CONCLUSION

Based on the foregoing, Defendants' motions are **DENIED** in their entirety and the Government's motions are **GRANTED**.


DATED: January 13, 2014                                    /s/   Freda L. Wolfson
                                                           The Honorable Freda L. Wolfson
                                                           United States District Judge