UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable Freda L. Wolfson |
| | : | |
| v. | : | |
| | : | |
| DAVID MOLESKI | : | Criminal Number 12-811 (FLW) |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

The United States of America, by and through Kathryn Keneally, Assistant Attorney General, United States Department of Justice, Tax Division (Tino M. Lisella and Yael T. Epstein, Trial Attorneys, appearing) respectfully requests that the Court deny the defendant's request that the Court judicially notice: (1) the definitions of two legal terms that are extraneously referenced in the defendant's submissions; (2) the meaning of House Joint Resolution 192; and (3) the indictment and conviction of Sharon Kukhahn for felonies committed prior to her creation of HJR Bonds. These requests are irrelevant, and to the extent the Court finds any relevance to them, any probative value is *substantially* outweighed by their prejudicial effect and likelihood of juror confusion.

Although the Court must take judicial notice when it is provided with the necessary information, the effect is simply to relieve the requesting party of presenting the evidence in one of the usual forms. Ohio Bell Tel. Co. v. Public Utilities Commission of Ohio, 301 U.S. 292, 301 (1937). In other words, like all other offers of evidence, it is subject to the Federal Rules of Evidence. See Knop v. Johnson, 667 F. Supp. 467, 485 (W.D. Mich. 1987). Under the Federal Rules of Evidence, the jury shall not be exposed to inadmissible evidence. Fed. R. Evid. 103(c). "[E]vidence which is not relevant is not admissible." Fed. R. Evid. 402. "Relevant evidence,"

moreover, is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Assuming *arguendo*, that the Court finds any relevance to the defendant's requests for judicial notice, the Court may exclude the evidence if its "probative value is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Absent abuse of discretion, a district court's ruling under Rule 403 is final. See United States v. Kemp, 500 F.3d 257, 295 (3d Cir. 2007).

The defendant again misapprehends the relevant inquiry in this case – his intent. Thus, the relevance of most evidence will depend on how probative it is of the defendant's state of mind. With respect to the two definitions that the defendant asks the Court to judicially notice, the government respectfully commends the Court's attention to the testimony of its expert Mr. William Kerr. The defendant inquired whether Mr. Kerr knew the meaning of either of those two terms. Mr. Kerr indicated that he did not; however, the presence of those two terms did not change his opinion that the submissions by the defendant were worthless. In other words, those two terms were inconsequential. The defendant fails to assert why those two phrases are relevant to the case. Those two phrases may have relevance if the defendant testified about what they meant to him at the time he wrote them or caused their submission. Absent the defendant showing actual reliance on those specific phrases, they are irrelevant. In any event, even if the Court found some relevance to the terms, their probative value is substantially outweighed by the risk of jury confusion as to the significance of those terms.

The defendant next asks the Court to take judicial notice of House Joint Resolution 192, which, stated simply, took the United States off of the gold standard. As an initial matter, Rule 201, governing judicial notice, plainly states that the rule governs adjudicative facts not a legislative fact. Fed. R. Evid. 201(a). An individual's purported reliance on this is classic tax defier fare should be excluded. Again, the defendant inquired of Mr. Kerr whether he knew to what HJR 192 referred. Mr. Kerr stated that he did, but his ultimate conclusion was the same – the notes submitted by the defendant were fake and worthless. Further, the Court has already precluded the defendant from presenting tax defier evidence or arguments. See Dkt. No. 60. Now he asks the Court to judicially notice the precise evidence that it has already precluded. Again, unless the defendant wishes to explain to the jury why his reliance on the passage of HJR 192 allowed him to submit fake and worthless financial instruments to the Treasury and private creditors, the explanation of HJR 192 is irrelevant. To the extent the Court finds any relevance, its probative value is substantially outweighed by the risk of jury confusion.

Finally, the defendant seeks to introduce the fact that Sharon Kukhahn was prosecuted and convicted of various crimes, including promoting tax schemes. Kukhahn's conviction is irrelevant for a number of reasons. First, other than her supposed thumb print as a surety on one of the defendant's bonds, there has been no evidence of her in trial. Second, if the Court looks at the indictment of Kukhahn, there is no reference to HJR Bonds. She was convicted of crimes related to earlier enterprises. Third, there is *no* evidence in the record that the defendant relied on her. Her name appearing as a surety on an exhibit introduced into evidence is not evidence of the defendant's reliance. Indeed, it can be construed of evidence of a conspiracy between the two.

It is the defendant's intent that is relevant in this case. Nevertheless, the defendant persists in making this trial about other uncharged individuals. The Court need not look beyond Cheek v. United States to find that another person's beliefs or actions are irrelevant to the beliefs of the defendant. 498 U.S. 192, 203 (1991). In Cheek, the Supreme Court of the United States held that it was error to charge the jury on objective reasonableness, because it is the subjective intent of the particular defendant that controls. Id.

Evidence that other individuals have engaged in criminal conduct similar to the defendant's is highly likely to be confusing to the jury. Importantly, those other individuals are not on trial in this case. It is misleading and confusing to admit such evidence at this trial and that confusion would only be exacerbated if the Court were to take judicial notice of Ms. Kukhahn's indictment and conviction.

Ultimately, all of the defendant's requests invite jury nullification. "An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly." United States v. Perez, 86 F.3d 735, 736 (7th Cir. 1996).

4

**Conclusion**

For the reasons stated above, the government respectfully requests the Court deny the defendant's requests for judicial notice.

        Respectfully submitted,

        KATHRYN KENEALLY
        Assistant Attorney General
        U.S. Department of Justice, Tax Division

By:  /s/ Tino M. Lisella
      Tino M. Lisella
      Yael T. Epstein
      Trial Attorneys
      Telephone: (202) 514-5150
      Email: yael.t.epstein@usdoj.gov
      Email: tino.m.lisella@usdoj.gov